Dear Representatives:
We are in receipt of your request for an Attorney General's opinion regarding Louisiana Acts 1999, No. 2, First Extraordinary Session and the Proposed Petition of the Terrebonne Parish School Board.
In Act No. 2, the Louisiana Legislature amended and reenacted R.S.17:71.5 to, in sum, require a parish school board to reapportion itself when required to do so by the electors of the parish in accordance with the procedures of the parish home rule charter, granting to the parish school board the same powers and duties to implement the charter procedures as the parish governing authority. The act states, in pertinent part:
 (2) In any such parish, the school board shall reapportion itself when required to do so by the electors of the parish in accordance with the same procedures provided in the parish home rule charter which were used to require that the parish governing authority reapportion itself. For the purposes of this Subsection, the school board shall have the same powers and duties to implement such procedures as are provided in the home rule charter for the parish governing authority.
The applicable provisions of the Terrebonne Parish Home Rule Charter provide, in Article VI., Section 6-01:
 The electors of the parish shall have the power, except as herein restricted, to propose to the council passage or repeal of ordinances and to vote on the question if the council refuses action. . . . The initiative power shall be exercised in the following manner:
 (1) The person or persons proposing the exercise of this power shall submit the proposal to the council which shall specify within thirty (30) days a form of petition for circulation in one or multiple copies as the proposer may desire. The petition shall contain the full text of the proposed ordinance.
 (2) Within sixty (60) days after the form of the petition shall have been specified, the person or persons circulating the petition shall obtain the signatures of at least fifteen (15) percent of the total registered voters of the parish. (Emphasis added).
As we understand the facts of this matter, a proposed petition was presented by both the President of the Chamber and the President of the local chapter of the NAACP to the Terrebonne Parish School Board, which included language that the school board would reapportion itself, reducing the size of the school board from fifteen to nine single-member districts, as follows:
 Pursuant to LSA-R.S. 17:71.5, we the undersigned electorate of Terrebonne Parish petition that the below written proposal be submitted for ratification to the qualified electors of Terrebonne Parish:
 Proposal #1 — That effective at the election of school board members in 2002, the Terrebonne Parish School Board shall reapportion itself into nine (9) single member districts that are the same as the nine (9) single member councilmanic districts of the Terrebonne Parish Consolidated Government, thereby reducing the number of Terrebonne Parish School Board members from fifteen (15) to nine (9). The boundaries of the proposed new school board districts shall be subject to approval pursuant to Section 5 of the Voting Rights Act of 1965.
Upon presentation to the school board in accordance with the initiative process of the home rule charter, the school board, by an 8-7 vote, added, without any basis in law or fact, the following language to the proposal:
 Pursuant to LSA-R.S. 17:71.5, we the undersigned electorate of Terrebonne Parish in an effort to reduce the representation of American Blacks, American Indians and the rural citizens of Terrebonne Parish petition that the below written proposal be submitted for ratification to the qualified electors of Terrebonne Parish.
Contrary to this language added by the school board, R.S. 17:71.5
merely authorizes the school board to act as a "governing authority" with respect to the provisions of the initiative process set forth in the home rule charter. It further requires the school board, upon meeting certain conditions, to reapportion itself when the electors of the parish provide by way of an initiative to do so. Of course, all of this is subject to approval under Section 5 of the Voting Rights Act of 1965 and the Attorney General is presently pursuing that approval for Act 2 of the 1999 First Extraordinary Session.
In general, the initiative procedure, in the case of municipal legislation, is defined as "[i]nitiation of municipal legislation and its enactment or rejection by the municipal electorate in the event the proposed measure is not enacted by their elected representatives." McQuillin Mun.Corp. § 16.52. (3rd Ed). It is defined by Black's Law Dictionary, Sixth Edition, as "An electoral process whereby designated percentages of the electorate may initiate legislative or constitutional changes through the filing of formal petitions to be acted on by the legislature or the total electorate. The power of the people to propose bills and laws,and to enact or reject them at the polls, independent oflegislative assembly." (Emphasis added).
It is our opinion that because the added language is arguably inflammatory, it is clearly an attempt by the 8 member majority of the school board to influence the initiative process and more particularly to defeat the gathering of signatures for the proposal. It certainly impedes the initiative process which is suppose to be independent of the governing authority, which in this case is the school board. Furthermore, the charter only authorizes the school board to "[s]pecify within thirty (30) days a form of petition for circulation as the proposer may desire."
It is our opinion that, in this matter, the school board has gone beyond and/or abused their authority to specify a form and has in fact imposed their own language in the text of the proposal, rather than merely specify the form of the petition as theproposer may desire. An ultra vires act of a municipality is one which is beyond powers conferred upon it by law. Charles v. Townof Jeanerette, Inc., 234 So.2d 794, 798. An ultra vires act is null and void. Therefore, the actions of the 8 member majority of the school board are ultra vires.
In sum, it is our opinion that the actions of the 8 member majority of the school board are an attempt to undermine the initiative process, to take away a right of the people to determine a question by a democratic election, and thus are ultravires and null and void. The school board is required by the charter to specify the form of the proposed petition within 30 days, which then starts the time period for gathering signatures, which in this instance is 60 days. Since the school board did approve the form of the proposed petition, it is our opinion that the school board's added language should be stricken from the proposal, the proposal [in its original form] should be filed with the school board, and at that time the 60 day time period can begin to run for the gathering of signatures.
If we can be of further assistance herein, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _______________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;cwr
Cc: Terrebonne Parish School Board